FILED

December 23 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0193

DA 14-0193

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 339N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KURTIS J. KOSKI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 12-187B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert J. Quinn, Quinn Law Office, Bozeman, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Deborah Pratt, Deputy Gallatin
County Attorney, Bozeman, Montana

Submitted on Briefs:  December 3, 2014
Decided:  December 23, 2014

Filed:

_____

Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On October 12, 2012, the Gallatin County Attorney's Office filed an Information accusing Kurtis Koski of felony driving under the influence of alcohol, fourth or subsequent offense, and misdemeanor criminal possession of dangerous drugs. On December 3, 2012, he entered a not guilty plea. In October 2013, Koski, through counsel, filed a motion to dismiss the State's felony complaint. He argued that the felony charge was based upon three previous DUIs for which he entered guilty pleas but for which he had not been properly advised of the rights he possessed or was waiving at the time he entered those pleas. The State opposed the motion. On December 12, 2013, the Eighteenth Judicial District Court denied his motion ruling that Koski "was provided a full and accurate advisement of his rights and the rights he was waiving in the prior three convictions. Thus, the convictions are constitutionally sound and [Koski's] felony DUI should not be dismissed." Koski appeals this ruling.

¶3 On January 8, 2014, following the court's ruling, Koski changed his plea to guilty. The court sentenced Koski to the Department of Corrections for 13 months, followed by an additional four-year DOC commitment, all suspended, with conditions. Execution of the sentence was stayed pending this appeal.

2

¶4      On appeal, Koski asserts that his three previous convictions were constitutionally infirm for lack of appropriate advisements. However, the record reflects that in each of these cases, Koski was represented by counsel and signed plea forms that expressly advised him of his rights to remain silent or testify for himself. The plea forms further advised him of his right to trial or appeal and that such rights were waived if he entered a guilty plea. Counsel represented to each sentencing court that Koski understood the rights he was waiving by entering a guilty plea. Additionally, by signing the plea forms, Koski stated that he read and initialed each paragraph and that he understood it to be an itemization of the rights he was waiving by entering a guilty plea.

¶5      Koski argues that statements on some of the forms were inaccurate and did not correctly represent applicable law. We disagree. Koski presented no affirmative evidence of any constitutional right or consequence of pleading guilty of which he had not been advised or that he did not understand. Consequently, Koski failed to carry his burden to prove by affirmative evidence that the previous convictions were invalid or infirm. *State v. Maine*, 2011 MT 90, ¶ 34, 360 Mont. 182, 255 P.3d 64 ("[T]he *defendant . . .* must prove by a preponderance of the evidence that the conviction is *invalid*.") (emphasis in original). A prior conviction carries a rebuttable presumption of regularity. Koski has failed to overcome this presumption. *Maine*, ¶¶ 33-34.

¶6      Moreover, the evidence in the record unequivocally reflects that Koski was advised of his rights, and knowingly and voluntarily entered into guilty pleas. As a result, his previous convictions were used appropriately to enhance Koski's DUI to felony status and the District Court did not err in denying Koski's motion to dismiss.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶8      Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BETH BAKER
/S/ MICHAEL E WHEAT